UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| G&G MONEY, INC., ) | |
| ) | CASE NO. 10-75646 – CRM |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JAMES C. CIFELLI, Chapter 11 Trustee of ) | |
| G&G MONEY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding |
| ) | No. _____ |
| GEORGE A. MAZZANT, III, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

**COMES NOW** James C. Cifelli, Chapter 7 Trustee in the above-styled case ("Trustee" or "Plaintiff") of G&G, Money, Inc. ("the Debtor" or "G&G"), and states his Complaint against George Mazzant, respectfully showing the Court as follows:

## JURISDICTION AND VENUE

1. This case was initiated by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on May 27, 2010. On June 9, 2010, the United States Trustee filed its Notice of Appointment of James C. Cifelli as Chapter 11 trustee for the Debtor. On June 10, 2010, the Court entered an Order (Docket No. 30) approving the appointment of James C. Cifelli as Chapter 11 trustee.

332212

2. The Trustee was appointed following a hearing held June 7, 2010, on the Debtor's emergency motion to use cash collateral and on the motion by the Debtor for temporary restraining order (the "June 7 Hearing").

3. An Order Converting the Case to Chapter 7 (Docket No. 108) was entered on September 19, 2010. The Order provided that James C. Cifelli was appointed as the Interim Trustee in the Chapter 7 case.

4. James C. Cifelli continues to serve as the duly authorized Chapter 7 Trustee in the case.

5. The Court has jurisdiction to adjudicate this matter pursuant to 28 U.S.C. § 1334. This adversary proceeding is properly before the Court pursuant to 28 U.S.C. § 157. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(E) and 157(b)(2)(O). This action may also be heard within the Court's non-core jurisdiction, as a matter "otherwise related to a case under Title 11," pursuant to 28 U.S.C. § 157(c)(1).

6. Defendant George Mazzant is a Georgia resident who may be served by U.S. Mail to 2571 TURTLECOVE TRAILWAY, MONTICELLO GA 31064. Defendant George Mazzant is subject to the jurisdiction of this Court.

7. Venue is proper in this Court as Defendant resides or regularly transacts business within the Northern District of Georgia.

## BACKGROUND FACTS

8. G&G operated a pawn shop known as On the Square Jewelry & Pawn of McDonough located at 19 and 20 Keys Ferry Street in McDonough, Georgia (the "McDonough Location").

332212

9. G&G was incorporated in December of 2007 for the purposes of acquiring the assets of JDH Investments, Inc. ("JDH").

10. George Mazzant is the President and 100% shareholder of G&G.

11. JDH was a corporation initially formed by George Mazzant and Daniel B. Longino to own and operate two pawn shops: one at the McDonough Location; and one located at 7322 Highway 85 in Riverdale, Georgia 30274 (the "Riverdale Location").

12. At some point prior to December of 2007, JDH closed the Riverdale Location and moved the inventory from that store to 3994 Highway 42, Locust Grove, Georgia 30248 (the "Locust Grove Location").

13. The Trustee alleges, on information and belief, that JDH shareholder George Mazzant bought out the interest of JDH shareholder Daniel B. Longino.

14. Rather than purchasing Mr. Longino's shares in JDH (or in addition to purchasing Mr. Longino's shares in JDH), George Mazzant caused G&G to be incorporated to acquire the assets (including the two stores) operated by JDH.

15. On or about December 18, 2007, JDH sold the McDonough Location and the Locust Grove Location to G&G.

16. Following G&G's incorporation in December of 2007, George Mazzant has repeatedly removed cash and inventory from the McDonough location without accounting for same.

17. George Mazzant has repeatedly used G&G cash and assets to pay his own personal bills, both directly and indirectly.

332212

18. Defendant George Mazzant disregarded the separateness of G&G as a legal entity by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records, or control of his own assets and the assets of G&G.

19. George Mazzant regularly paid G&G's employees and suppliers in cash and not from existing corporate checking accounts.

20. George Mazzant is listed as the tenant on the leases for the Locust Grove location and for the McDonough location.

21. Rent payments for the Locust Grove Location and for the McDonough Location were paid from G&G accounts or from G&G cash receipts.

22. On information and belief, the Trustee alleges that no sublease between Mazzant and G&G exists.

23. George Mazzant commingled individual and corporate (G&G) assets by, among other things, using corporate funds to directly and indirectly pay his personal loans and other personal and family expenses and by taking G&G property and converting it to his own, waiving corporate rental payments, or using corporate funds to directly pay his personal loans and other personal and family expenses.

24. George Mazzant used the G&G corporate entity as a mere instrumentality to conduct his personal affairs.

25. George Mazzant – the individual who is the principal shareholder or owner of G&G – conducted his private and corporate business on an interchangeable or joint basis as if they were one.

26. George Mazzant has converted G&G jewelry to his own use.

332212

27. George Mazzant has used assets belonging to G&G interchangeably with his personal assets.

28. George Mazzant has converted to his personal use money and property that belonged to G&G.

29. George Mazzant has kept no records to document the times when he removed property or inventory belonging to G&G, sold such property and kept the sale proceeds for his personal use.

30. George Mazzant testified that he removed a certain valuable diamond tennis bracelet from G&G's inventory, that the bracelet was paid for with G&G's funds, and that he sold the bracelet and kept the proceeds for his own use and benefit.

31. According to the records maintained by G&G and its predecessor, George Mazzant transferred record ownership of numerous guns to himself and to his family members for no apparent consideration.

## COUNT I – VEIL PIERCING OR ALTER EGO CLAIM

32. The allegations contained in paragraphs 1 through 31 are incorporated herein as if fully restated in their entirety.

33. George Mazzant is the alter ego of G&G and should be held personally liable for the debts owing by G&G to G&G's creditors.

34. The alter ego action against George Mazzant is a cause of action held by G&G as of the commencement of G&G's bankruptcy case. Accordingly, the cause of action against George Mazzant is property of the bankruptcy estate.

35. The Court should enter a judgment declaring that George Mazzant is personally liable for the debts owing by G&G to G&G's creditors.

332212

36. The Court should enter a judgment enjoining George Mazzant from disposing of any property belonging to G&G that he converted to his personal use or that he transferred to or for the benefit of himself or his family members.

37. The Court should enter a judgment requiring George Mazzant to account for any property belonging to G&G that he converted to his personal use or that he transferred to or for the benefit of himself or his family members.

38. The Court should enter a judgment imposing a constructive trust on assets belonging to G&G that are in the possession or control of George Mazzant and that he converted to his personal use or that he transferred to or for the benefit of himself or his family members.

## COUNT II – CLAIM FOR FRAUDULENT CONVEYANCES PURSUANT TO §§ 548(a)(1)(A) AND 550 OF THE BANKRUPTCY CODE

39. The allegations contained in paragraphs 1 through 38 are incorporated herein as if fully restated in their entirety.

40. Transfers of G&G assets to George Mazzant or for his benefit were transfers of interests in property of the Debtor.

41. The Transfers were made with the actual intent to hinder, delay or defraud creditors to which the Debtor was indebted or became indebted on or after the dates that the Transfers were made.

42. The Transfers were made to or for the benefit of the Defendant.

43. Plaintiff is entitled to avoid the Transfers pursuant to §548(a)(1)(A) of the Bankruptcy Code and to recover the same pursuant to § 550 of the Bankruptcy Code.

6

332212

### COUNT III – CLAIM FOR FRAUDULENT CONVEYANCES PURSUANT TO §§548(a)(1)(B) AND 550 OF THE BANKRUPTCY CODE

44. The allegations contained in paragraphs 1 through 43 are incorporated herein as if fully restated in their entirety.

45. Transfers of G&G assets to George Mazzant or for his benefit were transfers of interests in property of the Debtor.

46. The Transfers were made to or for the benefit of the Defendant.

47. The Debtor received less than reasonably equivalent value in exchange for each of the Transfers.

48. The Debtor was insolvent at the times the Transfers were made or became insolvent as a result of each of the Transfers.

49. At the times of the Transfers, the Debtor was engaged in a business or enterprise for which it had insufficient capital.

50. At the times of the Transfers, the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they matured.

51. Plaintiff is entitled to avoid the Transfers pursuant to §548(a)(1)(B) of the Bankruptcy Code and to recover the same pursuant to § 550 of the Bankruptcy Code.

### COUNT IV – CLAIM FOR FRAUDULENT CONVEYANCES PURSUANT TO O.C.G.A. § 18-2-74(a)(1) AND §§544 AND 550 OF THE BANKRUPTCY CODE

52. The allegations contained in paragraphs 1 through 51 are incorporated herein as if fully restated in their entirety.

332212

53. Transfers of G&G assets to George Mazzant or for his benefit were transfers of interests in property of the Debtor.

54. The Transfers were made with the actual intent to hinder, delay or defraud creditors to which the Debtor was indebted or became indebted on or after the dates that the Transfers were made.

55. The Transfers were made to or for the benefit of the Defendant.

56. Plaintiff is entitled to avoid the Transfers pursuant to § 544 of the Bankruptcy Code and O.C.G.A. §18-2-74(a)(1) and to recover the same pursuant to § 550 of the Bankruptcy Code.

## COUNT V – CLAIM FOR FRAUDULENT CONVEYANCES PURSUANT TO O.C.G.A. § 18-2-74(a)(2) AND §§544 AND 550 OF THE BANKRUPTCY CODE

57. The allegations contained in paragraphs 1 through 56 are incorporated herein as if fully restated in their entirety.

58. Transfers of G&G assets to George Mazzant or for his benefit were transfers of interests in property of the Debtor.

59. The Transfers were made to or for the benefit of the Defendant.

60. The Debtor received less than reasonably equivalent value in exchange for each of the Transfers.

61. At the times of the Transfers, the Debtor was engaged in a business or enterprise for which it had insufficient capital.

62. At the times of the Transfers, the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as they became due.

8

332212

63. Plaintiff is entitled to avoid the Transfers pursuant to § 544 of the Bankruptcy Code and O.C.G.A. §18-2-74(a)(2) and to recover the same pursuant to § 550 of the Bankruptcy Code.

### COUNT VI – CLAIM FOR FRAUDULENT CONVEYANCES PURSUANT TO O.C.G.A. § 18-2-75(a) AND §§544 AND 550 OF THE BANKRUPTCY CODE

64. The allegations contained in paragraphs 1 through 63 are incorporated herein as if fully restated in their entirety.

65. Transfers of G&G assets to George Mazzant or for his benefit were transfers of interests in property of the Debtor.

66. The Transfers were made to or for the benefit of the Defendant.

67. The Debtor received less than reasonably equivalent value in exchange for each of the Transfers.

68. The Debtor was insolvent at the times the Transfers were made or became insolvent as a result of each of the Transfers.

69. Plaintiff is entitled to avoid the Transfers pursuant to § 544 of the Bankruptcy Code and O.C.G.A. §18-2-75(a) and to recover the same pursuant to § 550 of the Bankruptcy Code.

### COUNT VII – CLAIM FOR FRAUDULENT CONVEYANCES PURSUANT TO O.C.G.A. § 18-2-75(b) AND §§ 550 AND 544 OF THE BANKRUPTCY CODE

70. The allegations contained in paragraphs 1 through 69 are incorporated herein as if fully restated in their entirety.

71. Transfers of G&G assets to George Mazzant or for his benefit were transfers of interests in property of the Debtor.

72. The Transfers were made to or for the benefit of the Defendant.

332212

73. The Transfers were made while the Debtor was insolvent.

74. The Defendant had reasonable cause to believe that the Debtor was insolvent at the time of the Transfers.

75. Plaintiff is entitled to avoid the Transfers pursuant to O.C.G.A. § 18-2-75(b) and § 544 of the Bankruptcy Code and to recover the same pursuant to § 550 of the Bankruptcy Code.

## COUNT VIII – CLAIM FOR BREACH OF FIDUCIARY DUTY

76. The allegations contained in paragraphs 1 through 75 are incorporated herein as if fully restated in their entirety.

77. At all times relevant herein, Defendant was the shareholder and corporate officer of the Debtor.

78. As a shareholder and corporate officer, Defendant owed a fiduciary duty to the Debtor.

79. Also, at insolvency, Defendant owed a fiduciary duty to the Debtor's creditors.

80. At all times during the Debtor's insolvency, Defendant owed to the Debtor and its creditors a fiduciary duty of good faith, acting with the care of an ordinarily prudent person in a like position under similar circumstances, and in a manner reasonable believed to be in the best interests of the Debtor and its creditors.

81. As one with fiduciary duties, Defendant was required, among other things, to exercise the utmost good faith, reasonable care, and due diligence in connection with any and all transactions affecting the financial affairs of the Debtor, and to determine whether the Debtor received value commensurate with transfers made.

82. Defendant breached his fiduciary duty to the Debtor by, among other things, causing the Debtor to divert its assets for his benefit to the detriment of the Debtor.

83. Defendant did not act in good faith or in an informed and deliberative manner, but rather at his personal whim. Loyalty and care was given only to his personal interests, not to the interests of the Debtor or its creditors.

84. Defendant's breach of duty was willful and intentional.

85. Defendant's breach of duty has damaged the Debtor's bankruptcy estate in an amount to be proven at trial, but in no event less than the aggregate amount of the Transfers described herein.

## COUNT IX – CLAIM FOR TURNOVER

86. The allegations contained in paragraphs 1 through 85 are incorporated herein as if fully restated in their entirety.

87. George Mazzant is in possession or control of property of the G&G bankruptcy estate including, but not limited to, property belonging to G&G that he converted to his personal use or that he transferred to or for the benefit of himself or his family members.

88. The Court should enter a judgment requiring George Mazzant to account for such property and to turn over such property to the Plaintiff as required by 11 U.S.C. §542.

## RELIEF REQUESTED

89. Under Count I, Plaintiff seeks a judgment declaring that George Mazzant is personally liable for all debts owing by G&G to G&G's creditors; a judgment enjoining George Mazzant from disposing of any property belonging to G&G that he

332212

converted to his personal use or that he transferred to or for the benefit of himself of his family members; a judgment requiring George Mazzant to account for any property belonging to G&G that he converted to his personal use or that he transferred to or for the benefit of himself or his family members; and a judgment imposing a constructive trust on assets belonging to G&G that are in the possession or control of George Mazzant and that he converted to his personal use or that he transferred to or for the benefit of himself or his family members.

90. Plaintiff seeks a judgment avoiding the Transfers of G&G assets to Plaintiff or for his benefit as described in Counts II through VII.

91. Under Count VIII, Plaintiff seeks a judgment against Defendant in an amount to be proven at trial, but in no event less than the aggregate amount of the Transfers described herein on account of Defendant's breach of his fiduciary duties.

92. Under Count IX, Plaintiff seeks a judgment, under 11 U.S.C. §542, to require George Mazzant to account for and to turn over to Plaintiff assets belonging to G&G that are in the possession or control of George Mazzant and that he converted to his personal use or that he transferred to or for the benefit of himself or his family members.

WHEREFORE, Plaintiff requests that this Court enter a judgment (i) declaring that George Mazzant is personally liable for the debts owing by G&G to G&G's creditors; (ii) avoiding the Transfers of G&G assets to Defendant, or for his benefit; and (iii) for such further and other relief as the Court deems proper.

332212

This 8th day of April, 2011.

                Respectfully Submitted,

                LAMBERTH, CIFELLI, STOKES,
                  ELLIS & NASON, P.A.

                By:  /s/ William D. Matthews
                    James C. Cifelli
                    Georgia Bar No. 125750
                    William D. Matthews
                    Georgia Bar No. 470865

                Attorneys for Trustee

3343 Peachtree Road, N.E., Suite 550
Atlanta, Georgia  30326-1022
Phone: (404) 262-7373
Fax: (404) 262-9911

332212