UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| G&G MONEY, INC., ) | |
| ) | CASE NO. 10-75646 – CRM |
| Debtor. ) | |
| ) | |
| ) | |
| JAMES C. CIFELLI, Chapter 11 Trustee of ) | |
| G&G MONEY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding |
| ) | No. 11-05196 |
| GEORGE A. MAZZANT, III, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR CONTEMPT AGAINST DEFENDANT GEORGE A. MAZZANT, III
FOR FAILURE TO COMPLY WITH COURT ORDER**

COMES NOW James C. Cifelli, as Chapter 7 Trustee for the bankruptcy estate of G&G Money, Inc. ("Debtor") and Plaintiff herein, and, pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9020, hereby moves the Court for an Order holding Defendant George A. Mazzant, III ("Mazzant" or "Defendant") in contempt of this Court's August 23, 2011 "Order Granting Motion for Accounting and Preliminary Injunction" (the "Accounting Order; Doc. No. 17). In support hereof, the Trustee respectfully shows the Court as follows:

**I. JURISDICTION**

1. This Court has jurisdiction to consider this motion. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

698176-1

## II. FACTS

2. The above-styled adversary proceeding was commenced on April 8, 2011, by the filing of Plaintiff's Complaint.

3. The Complaint seeks, *inter alia*, to require Mazzant to account for and return property taken from G&G's inventory, to pierce the corporate veil, to order that Mazzant is the alter ego of G&G Money, Inc. ("G&G") and to order that Mazzant is personally liable for the debts owed by G&G to its creditors.

4. On July 6, 2011, the Trustee filed his Motion for Accounting, Temporary Restraining Order and Preliminary Injunction Against Defendant George A. Mazzant, III (Doc. No. 7). The Court conducted an evidentiary hearing on the Motion on August 18, 2011.

5. Following the evidentiary hearing, the Court entered the Accounting Order on August 23, 2011. The Accounting Order provided:

> FURTHER ORDERED that, within thirty (30) days of the date of entry of this Order, Defendant shall file a sworn statement or affidavit specifically accounting for the property listed on the attached Exhibit "A" (and any other property or inventory which Defendant took from G&G or which he claimed to own but which was offered for sale at G&G), specifically including where such property is kept, and if such property is not in his possession, custody or control, specifically account for how he disposed of the same, identify the party to whom and when he transferred or sold each such item, identify and trace all proceeds that he received for such property, and account for and produce all records documenting all of the foregoing.
>
> The Court retains jurisdiction in this matter for the consideration of imposing appropriate sanctions against Defendant if Defendant fails to fully comply with this Order.

Accounting Order at p. 3.

6. The deadline for the Defendant to file a sworn statement was September 22, 2011. Defendant has completely failed to comply with the Court's order to file a sworn statement accounting for the property which he took from Debtor G&G.

## III.  RELIEF REQUESTED

7. The Trustee requests entry of an Order (i) finding Mazzant in contempt of the Accounting Order; (ii) awarding the Trustee the costs, including his attorneys' fees, incurred in enforcing the Accounting Order; and (iii) levying sanctions, including an assessment of costs, as well as a daily fine until Defendant purges himself of the contempt, and awarding other compensatory or coercive sanctions against Defendant arising out of his contempt.

## IV.  BASIS FOR RELIEF

8. By willfully ignoring and completely failing to comply with this Court's Order, Defendant is in contempt of the Accounting Order.  "[I]t is firmly established that the power to punish for contempt is inherent in all courts." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991) (internal quotations omitted); *See also Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1553 (11th Cir. 1996).

9. Even though the "American Rule" prohibits fee shifting in most cases, this Court has authority to award the Trustee attorney fees as a result of Defendant's willful disobedience of the Accounting Order.  *See Chambers*, 501 U.S. at 45, 111 S.Ct. at 2133.

10. Civil contempt occurs when there is a violation of a specific and definite court order with regard to which a party has knowledge.  *In re Sun Island Realty*, 177 B.R. 391 (S.D. Fla. 1994).  Bankruptcy Courts have civil contempt power to enforce their own orders pursuant to 11 U.S.C. § 105.  *Hardy v. United States of America (In re Hardy)*, 97 F.3d 1384, 1389 (11th Cir. 1996); *Jove Engineering, Inc. v. I.R.S. (In re Jove Engineering, Inc.)*, 92 F.3d 1539, 1553 (11th Cir. 1996); *In re Cordova Gonzalez*, 99 B.R. 188, 191 (Bankr. D.P.R. 1989).

3

11. "The purpose of civil contempt sanctions is to (1) compensate the complainant for losses and expenses it incurred because of the contemptuous act, and (2) coerce the contemnor into complying with the court order." *Faust v. Texaco (In re Faust),* 270 B.R. 310, 316 (Bankr. M.D. Ga. 1998) (citing *Jove*, 92 F.3d at 1557-1558).

12. Under the circumstances here, the Trustee requests that Defendant be required to pay the Trustee for the benefit of the Debtor's estate $1,000.00 per day until he has purged himself of contempt by fully complying with the Accounting Order and should further be required to reimburse the Trustee for his costs bringing this Motion.

13. Further, based upon the testimony, evidence, and the Court's findings made on the record at the evidentiary hearing conducted on August 18, 2011, the Trustee requests that this Court refer this proceeding to the District Court to consider criminal contempt sanctions.

WHEREFORE, for the foregoing reasons, Plaintiff seeks entry of an Order granting

(a) finding Defendant George A. Mazzant, III to be in civil contempt of the Accounting Order;

(b) levying sanctions, including an assessment of costs, as well as a daily fine until he purges himself of the contempt, and awarding other compensatory or coercive sanctions against Defendant arising out of his contempt;

(c) referring this proceeding to the District Court to consider criminal contempt sanctions; and

(d)   granting such further relief as is just and proper.

This 19th day of October, 2011.

                                  LAMBERTH, CIFELLI, STOKES,
                                    ELLIS & NASON, P.A.

                              By:   __/s/ William D. Matthews_____
                                      James C. Cifelli
                                      Georgia Bar No. 125750
                                      William D. Matthews
                                      Georgia Bar No. 470865

                              Attorneys for Trustee

3343 Peachtree Road, N.E., Suite 550
Atlanta, Georgia  30326-1022
Phone: (404) 262-7373
Fax: (404) 262-9911

5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| G&G MONEY, INC., | ) | |
| | ) | CASE NO. 10-75646 – CRM |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JAMES C. CIFELLI, Chapter 7 Trustee of | ) | |
| G&G MONEY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 11-05196 |
| GEORGE A. MAZZANT, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF HEARING REGARDING MOTION FOR CONTEMPT AGAINST DEFENDANT GEORGE A. MAZZANT, III FOR FAILURE TO COMPLY WITH COURT ORDER**

**PLEASE TAKE NOTICE** that James C. Cifelli, Trustee in the above-captioned Chapter 7 case and Plaintiff in the above-captioned adversary proceeding, has filed a Motion for Contempt Against Defendant George A. Mazzant, III for Failure to Comply with Court Order (the "Motion for Contempt") and related papers with the Court seeking contempt sanctions against Defendant for his failure to comply with this Court's Order of August 23, 2011. The Motion for Contempt alleges that Defendant failed to comply with the provision of the Order requiring Defendant to "file a sworn statement or affidavit specifically accounting for the property listed on the attached Exhibit "A" (and any other property or inventory which Defendant took from G&G or which he claimed to own but which was offered for sale at G&G), specifically including where such property is kept, and if such property is not in his possession, custody or control, specifically account for how he disposed of the same, identify the party to whom and when he transferred or sold each such item, identify and trace all proceeds that he received for such property, and account for and produce all records documenting all of the foregoing." The Motion for Contempt requests that the Court levy sanctions including an assessment of costs, as well as a daily fine of $1,000.00 until Defendant purges himself of the contempt, and awarding other compensatory or coercive sanctions against Defendant arising out of his contempt. The Motion for Contempt further requests that this Court refer this proceeding to the District Court to consider criminal contempt sanctions.

361889

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion for Contempt is on file with the Office of the Bankruptcy Clerk, 1340 Richard B. Russell Federal Building, 75 Spring Street, S.W., Atlanta, Georgia (the "Clerk's Office") and can be reviewed during normal business hours, or a copy may be requested from the Clerk or reviewed online at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users).  Alternatively, a copy may be requested by contacting William D. Matthews at the offices of counsel for the Trustee, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Road, N.E., East Tower, Suite 550, Atlanta, Georgia 30326; (404) 495-4475; wdm@lcsenlaw.com.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion for Contempt has been scheduled for **November 17, 2011, in Courtroom 1203, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia, at 11:00 a.m.**

**YOUR RIGHTS MAY BE AFFECTED BY THE MOTION FOR CONTEMPT.** YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)

IF YOU DO NOT WANT THE COURT TO GRANT THE RELIEF SOUGHT, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE MOTION FOR CONTEMPT, THEN YOU AND/OR YOUR ATTORNEY MUST ATTEND THE HEARING SCHEDULED ABOVE. YOU MAY ALSO FILE A WRITTEN RESPONSE TO THE MOTION FOR CONTEMPT WITH THE CLERK AT THE ADDRESS STATED BELOW, BUT YOU ARE NOT REQUIRED TO DO SO. IF YOU FILE A WRITTEN RESPONSE, YOU MUST ATTACH A CERTIFICATE STATING WHEN, HOW, AND ON WHOM YOU SERVED THE RESPONSE. THE ADDRESS OF THE CLERK'S OFFICE IS: CLERK, UNITED STATES BANKRUPTCY COURT, SUITE 1340, 75 SPRING STREET, S.W., ATLANTA, GEORGIA 30303. YOU MUST ALSO SERVE A COPY OF YOUR RESPONSE TO THE UNDERSIGNED AT THE ADDRESS STATED BELOW.

Dated: October 19, 2011.

          LAMBERTH, CIFELLI, STOKES,
            ELLIS & NASON, P.A.
          Attorneys for Trustee

          By:    /s/ William D. Matthews
               James C. Cifelli
               Georgia Bar No. 125750
               jcifelli@lcsenlaw.com
               William D. Matthews
               Georgia Bar No. 470865
               wdm@lcsenlaw.com
          3343 Peachtree Road NE, Suite 550
          Atlanta, GA 30326-1022
          (404) 262-7373

361889

## CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of the foregoing **MOTION FOR CONTEMPT AGAINST DEFENDANT GEORGE A. MAZZANT, III FOR FAILURE TO COMPLY WITH COURT ORDER** and **NOTICE OF HEARING** upon Defendant, by depositing same in the United States regular mail with adequate postage affixed thereto to assure delivery, addressed as follows:

> George Mazzant
> 2571 TURTLECOVE TRAILWAY
> MONTICELLO GA 31064

I further certify that I have this date served a copy of the foregoing MOTION and NOTICE OF HEARING upon Defendant's counsel of record, by regular mail and by electronic mail as indicated:

> Aubrey T. Villines  (atvill7@msn.com)
> Jeffrey R. Filipovits (jrfilipvits@gmail.com)
> 2900 Chamblee-Tucker Road
> Building 1
> Atlanta, GA  30341

This 19th day of October, 2011.

> /s/ William D. Matthews____
> William D. Matthews

361889