**IT IS ORDERED as set forth below:**



**Date: January 4, 2012**

_____

C. Ray Mullins
U.S. Bankruptcy Court Judge

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-75646-CRM |
| G&G MONEY, INC., | CHAPTER 7 |
| Debtor. | |
| JAMES C. CIFELLI,<br>Chapter 7 Trustee for G&G Money, Inc., | ADVERSARY PROCEEDING NO.<br>11-5196-CRM |
| Plaintiff,<br>v. | |
| GEORGE A. MAZZANT, III, | |
| Defendant. | |

## ORDER

    **THIS MATTER** is before the Court on Defendant's Motion to Set Aside Clerk's Default (the "Motion"). Plaintiff commenced this adversary proceeding by filing the Complaint (the "Complaint") on April 8, 2011. On April 11, 2011, Plaintiff filed a certificate of service pursuant to Bankruptcy Rule 7004(b) certifying that a copy of the Complaint and a summons were sent by

United States certified mail with return receipt requested and adequate postage to the Defendant. On May 17, 2011, Plaintiff requested entry of default for the Defendant's failure to file an answer or otherwise respond to the Complaint as provided by Bankruptcy Rule 7012. On May 18, 2011, the Clerk entered default against the Defendant pursuant to Bankruptcy Rule 7055. Plaintiff filed a Motion for Default Judgment on July 1, 2011. On August 2, 2011, Defendant filed the Motion.

Federal Rule of Civil Procedure 55(c), made applicable by Federal Rule of Bankruptcy Procedure 7055, provides that the court may set aside an entry of default for "good cause." FED. R. CIV. P. 55(c). The Eleventh Circuit has held that the "good cause" standard is a liberal one. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *see also Durango Ga. Paper Co. v. Dave King Paper Sales and Consulting, Inc. (In re Durango Ga. Paper Co.)*, 314 B.R. 881, 883 (Bankr. S.D. Ga. 2004) ("This provision imposes a very low standard"). Courts generally consider the following four factors in determining whether good cause exists to set aside an entry of default:

> (1) whether the defaulting party has acted promptly to vacate the default;
>
> (2) whether the defaulting party has presented a plausible excuse explaining the reasons for the default;
>
> (3) whether the defaulting party asserts a meritorious defense; and
>
> (4) whether the nondefaulting party will be prejudiced by setting aside the default.

*Rogers v. Allied Media (In re Rogers)*, 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993) (Drake, J.) (citing *Turner Broadcasting System, Inc. v. Sanyo Elec., Inc.*, 33 Bankr. 996, 1001 (N.D. Ga. 1983), *aff'd* 742 F.2d 1465 (11th Cir. 1984)). This Court generally prefers to decide cases on the merits, *In re Brackett*, 243 B.R. 910, 915 (Bankr. N.D. Ga. 2000) (Drake, J.), and finds that there is good cause to remove the entry of default. Accordingly,

2

**IT IS ORDERED** that the Motion be and is hereby **GRANTED**.

The Clerk's Office is directed to serve a copy of this Order upon the Plaintiff, Plaintiff's counsel, Defendant, Defendant's counsel, and the United States Trustee.

**END OF DOCUMENT**