**IT IS ORDERED as set forth below:**



**Date: May 10, 2012**

_____

**C. Ray Mullins**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO: 10-75646-CRM |
| G&G MONEY, INC., | CHAPTER 7 |
| Debtor. | |
| JAMES C. CIFELLI, Chapter 7 Trustee for G&G MONEY, INC., | ADVERSARY PROCEEDING NO. 11-5196-CRM |
| Plaintiff, | |
| v. | |
| GEORGE MAZZANT, III, | |
| Defendant. | |

**ORDER**

**THIS MATTER** is before the Court on Defendant's Motion to Vacate Preliminary Injunction (the "Motion"). Plaintiff filed a Motion for Preliminary Injunction, Accounting, Temporary Restraining Order and Preliminary Injunction on July 1, 2011. The Court granted Plaintiff's Motion for Accounting and Preliminary Injunction on August 23, 2011. Defendant now seeks to vacate the Court's Order dated August 23, 2011 (the "August 23 Order").

**I.    FACTS**

G&G Money, Inc. filed a voluntary petition under chapter 11 of the Bankruptcy Code on May 27, 2010. The case was converted to a chapter 7 case on September 19, 2010. Mr. Cifelli, as the Chapter 7 Trustee, initiated this adversary proceeding by filing a Complaint against George Mazzant, the president and sole shareholder of G&G Money Inc.

Plaintiff filed a Motion for Accounting, Temporary Restraining Order and Preliminary Injunction against Defendant on July 1, 2011. A lengthy hearing was held on Plaintiff's Motion on August 18, 2011. The Court granted Plaintiff's Motion for Accounting and Preliminary Injunction on August 23, 2011. Defendant initially failed to comply with the Court's Order. Plaintiff then filed a Motion for Contempt on October 19, 2011. On November 17, 2011, the Court held a hearing on the Motion for Contempt. The Court found that Defendant was in contempt of court and ordered him to submit an accounting of property by December 2, 2011. On December 2, 2011, Defendant submitted a sworn statement and accounting of property.

Defendant filed the Motion on February 15, 2012. Defendant seeks to vacate the August 23 Order pursuant to Federal Rule of Civil Procedure 60(b). Defendant argues that issuing the injunction was improper, that the August 23 Order has been satisfied, and that maintaining the injunction is inequitable.

2

## II.   DISCUSSION

Federal Rule of Civil Procedure 60(b), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 9024, permits relief from a final judgment, order, or proceeding. FED. R. CIV. P. 60(b); FED. R. BANKR. P. 9024. Whether to grant a Rule 60(b) motion is generally committed to the discretion of the court. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001); *Mountain Nat'l Bank v. Brackett (In re Brackett)*, 243 B.R. 910, 914 (Bankr. N.D. Ga. 2000).

As a preliminary matter, Rule 60(b) permits relief from a final judgment, order, or proceeding. Rule 60(b) does not govern relief from interlocutory orders. "The addition of the qualifying word 'final' emphasizes the character of the judgment, orders or proceedings from which Rule 60(b) affords relief; . . . interlocutory judgments are not brought within the restrictions of the rule . . . ." Fed. R. Civ. P. 60(b) advisory committee's note; *see also* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.23. A preliminary injunction is an interlocutory order; it is not a final judgment, order, or proceeding that may be addressed by motion under Rule 60(b). *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (citing FED R. CIV. P. 60(b)). Defendant seeks to vacate the August 23 Order pursuant to Rule 60(b). However, Defendant seeks to vacate a preliminary injunction, which is an interlocutory order and not a final judgment, order, or proceeding. Because Rule 60(b) only applies to final judgments, the Court's August 23 Order may not be vacated pursuant to Rule 60(b).

Rule 60(b) lists six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding.[1] One of these grounds, Rule 60(b)(4), provides that a

---

[1] The rule provides that the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

3

court may set aside a "void" judgment. The concept of a void judgment is narrowly construed. "A void judgment is a legal nullity. . . . a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short." *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1377 (2010). A judgment is void, and therefore subject to relief under Rule 60(b)(4), "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or a on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id*. A judgment is thus not void simply because it was wrongly decided.

Defendant argues that the August 23 Order is void and seeks to vacate it subject to Rule 60(b)(4). However, Defendant does not raise any issues about the court's jurisdiction or due process. Defendant argues that the judgment is void because the Plaintiff did not demonstrate irreparable harm. This is not a reason to vacate a judgment under Rule 60(b)(4).[2] There is thus nothing to suggest that Defendant is entitled to relief under Rule 60(b)(4).

Defendant also seeks to set aside the August 23 Order pursuant to Rule 60(b)(5) on two grounds: first, that the judgment has been satisfied, released or discharged; and, second, that applying

---

to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

[2] Nonetheless, the Court notes that where there is evidence that a defendant made away with debtor funds, there is the possibility that the bankruptcy estate will be irreparably harmed if assets are not frozen. *See e.g., Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1084-1085 (9th Cir. 2004). Here, there was ample evidence that Defendant dissipated Debtor assets – Defendant himself admitted to trading and selling company assets to the meltman.

4

the preliminary injunction is no longer equitable. Under Rule 60(b)(5), a party may obtain relief from a judgment on the grounds that "the judgment has been satisfied, released or discharged." FED. R. CIV. P. 60(b)(5). This component applies primarily to judgments for money. 12 MOORE'S FEDERAL PRACTICE § 60.45. Alternatively, relief from judgment under Rule 60(b)(5) may granted if "applying it prospectively is no longer equitable." To demonstrate that the judgment is no longer "equitable," the movant must show some significant change in the law or facts to justify relief from the judgment. *Id*. at § 60.47 (citing *Rufo v. Inmates of Suffolk Jail*, 502 U.S. 367 (1992)).

First, Defendant seeks to obtain relief on the grounds that the judgment has already been satisfied. This component applies primarily to money judgments. Here, the August 23 Order consists not of a money judgment but of a preliminary injunction. Second, Defendant seeks to obtain relief on the ground that further demands to account for property are inequitable and unnecessary. The Court finds this argument unavailing. To demonstrate that the judgment is no longer "equitable," the movant must show some significant change in the law or facts to justify relief from the judgment. Defendant has failed to do so. The Court does not doubt that Defendant would be happier if the injunction were relaxed but there is nothing inequitable about preventing Defendant from disposing of estate property, particularly when the purpose of a preliminary injunction is simply to preserve the status quo between the parties pending a final determination of the merits. *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); 13 MOORE'S FEDERAL PRACTICE § 65.20. Here, the preliminary injunction merely freezes the Debtor's assets in this proceeding. This is appropriate considering the substantial evidence that Defendant disregarded the separateness of legal entities by co-mingling G&G Money,

Inc.'s corporate property and affairs with his own personal property and affairs.[3]  Consequently, the Court finds no basis for relief under Rule 60(b)(5).

IV.    **CONCLUSION**

For the reasons stated above, the Court finds that Defendant is not entitled to relief pursuant to Rule 60(b).  Accordingly,

**IT IS ORDERED** that the Motion be and is hereby **DENIED**.

The Clerk's Office is directed to serve a copy of this Order upon Plaintiff, Plaintiff's Counsel, Defendant, Defendant's counsel, and the United States Trustee.

**END OF DOCUMENT.**

---

[3] On February 2, 2012, the Court issued an Order finding Defendant operated G&G Money, Inc. as his alter ego and granting partial summary judgment in favor of Plaintiff on the veil piercing claim.  *See* Docs. No. 26 & 27.

6